## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF GEORGIA

| | : | |
|---|---|---|
| AMR RESOURCES, LLC, | : | Civil Action No. |
| | : | 2:22-cv-00199-SCJ |
| Plaintiff, | : | |
| v. | : | |
| QUBE-MRS, LLC AND | : | |
| KEVIN GARLAND, | | |
| Plaintiff. | : | |
| | : | JURY TRIAL DEMANDED |

### Joint Preliminary Report and Discovery Plan

1. **Description of Case:**

   (a) Describe briefly the nature of this action.

   This action pertains to alleged misrepresentations and interference in Plaintiff's business relations by Defendants; the claims are brought under the Lanham Act and state law.  Defendants deny Plaintiff's allegations.

   (b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

   Plaintiff has an exclusive license agreement with GRG Design Inc. that covers the designs and drawings for certain small cell and radio telecommunication poles and related products. GRG previously did business with Defendants and such business included working with GRG regarding the design of poles and related products for Defendant's customers. Plaintiff has signed an agreement with a third party to sell small cell and radio telecommunication poles and related products. Defendants have sold small cell and radio telecommunications poles and related products to that same customer.  Plaintiffs contend that Defendants' sale violates its rights and Defendants disagree.

(c) The legal issues to be tried are as follows:

The first cause of action is Unfair Competition: False or Misleading Description of Fact, or False or Misleading Representation of Fact, pursuant to 15 U.S.C. § 1125(a)(1). Plaintiff alleges that Defendants used machine- and parts-design documents created by Plaintiff's exclusive licensor to solicit clients and suggest to clients that Defendants worked with Plaintiff's exclusive licensor when GRG no longer works with Defendants and has entered into an exclusive agreement with Plaintiff. Plaintiff contends that the alleged misrepresentations by Defendants to potential clients has caused material harm to Plaintiff because Plaintiff's clients have refused to issue work orders as a result, choosing instead to do business with Defendants. The legal issue is whether Defendants' actions rise to the level of misleading description or representation of fact by Defendants that violate federal law. The second cause of action is Tortious Interference with Business Relationship under Georgia law. Plaintiff alleges that Defendants pursued business with two of Plaintiff's clients despite Plaintiff's contractual relationship with at least one of the clients, and with knowledge of Plaintiff's relationship; Defendants assert that a prior working relationship with the same customer mitigates this claim. The legal issue is whether Defendants have violated Georgia law and, if so, whether Defendants' knowing acts rise to the level of malice and intent to injure.

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases:

*American Metals Recovery & Recycling, Inc. v. Qube-MRS, LLC and Kevin Garland*, Civil Action File No. 22-CV-1727-B, Superior Court of Hall County, Georgia

      (2)  Previously Adjudicated Related Cases:

None

**2.** This case is complex because it possesses one or more of the features listed below (please check):

    _____ (1) Unusually large number of parties
    _____ (2) Unusually large number of claims or defenses
    _____ (3) Factual issues are exceptionally complex
    _____ (4) Greater than normal volume of evidence
    _____ (5) Extended discovery period is needed
    _____ (6) Problems locating or preserving evidence
    _____ (7) Pending parallel investigations or action by government
    _____ (8) Multiple use of experts
    _____ (9) Need for discovery outside United States boundaries
    _____ (10) Existence of highly technical issues and proof
    _____ (11) Unusually complex discovery of electronically stored information

**3.** **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:

Ivy N. Cadle; Baker, Donelson, Bearman, Caldwell & Berkowitz, PC

Defendant:

Larry C. Oldham; Larry C. Oldham, P.C.

**4.      Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

\_\_\_\_\_Yes       　X No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.      Parties to This Action:**

(a)  The following persons are necessary parties who have not been joined:

None at this time.

(b)  The following persons are improperly joined as parties:

None at this time.


  (c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None at this time.

  (d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.** **Amendments to the Pleadings:**

  Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

  (a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

None at this time.

  (b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.** **Filing Times For Motions:**

  All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.
  All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).
  (a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.
  (b) *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.
  (c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.
  (d) *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

APP.B - 5

**8.     Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

Initial disclosures will be exchanged by November 30, 2022

**9.     Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

Not at this time.

**10.    Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

APP.B - 6

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

<u>The parties will need standard discovery that will allow them to evaluate the merits of their respective claims and defenses.</u>

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The parties do not anticipate additional time is required for discovery currently.

**11.    Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

None at this time.

(b) Is any party seeking discovery of electronically stored information?

_X_ Yes   _____ No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties anticipate producing all responsive electronic documents. They will agree on search terms as necessary to narrow the scope of discovery, but they do not anticipate there will be extensive electronic discovery.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

<u>The parties do not anticipate special measures will be required beyond normal discovery procedures, including for electronically stored information. The parties will preserve metadata pertaining to all ESI. The parties will produce ESI as TIFFs or PDFs with load files as appropriate. The parties will implement more measures for information as needed.</u>

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.     Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

None at this time.

**13.     Settlement Potential:**

(a)     Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on <u>November 7, 2022</u>, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature):
/s/Ivy N. Cadle

Other participants:     <u>Scott M. Douglass</u>

For defendant: Lead counsel (signature):  Larry C. Oldham

Other participants: _____

_____

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_____) A possibility of settlement before discovery.
(_____) A possibility of settlement after discovery.
(_____) A possibility of settlement, but a conference with the judge is needed.
(X) No possibility of settlement.

(c) Counsel(_____) do or (X) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is _____, 20____.

(d) The following specific problems have created a hindrance to settlement of this case.
Need to conduct discovery

_____

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20____.

(b)   The parties (X) do not consent to having this case tried before a magistrate judge of this Court.

_____        _____
Counsel for Plaintiff                                    Counsel for Defendant

**15.   Electronic service**

Counsel for the parties agree that pleadings, discovery requests and responses, and other documents requiring service in this case can be served electronically and, if served as set forth below, no other form of service is required:

If to Plaintiff, send the email to:

icadle@bakerdonelson.com (Ivy Cadle)
sdouglass@bakerdonelson.com (Scott Douglass)
vholloway@bakerdonelson.com (Ginny Holloway)

If to Defendants, send the email to:

larryoldham@lcopc.com (Larry Oldham)

* * * * * * * * * * * *

**SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

IT IS SO ORDERED, this _____ day of _____, 20_____.

_____
UNITED STATES DISTRICT JUDGE

APP.B - 11

Respectfully submitted,

/s/ IVY N. CADLE
IVY N. CADLE
State Bar No. 353227
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
3414 Peachtree Road, NE
Monarch Plaza, Suite 1500
Atlanta, Georgia 30326
404-577-6000
404-221-6501
icadle@bakerdonelson.com

Attorneys for Plaintiff AMR RESOURCES, LLC



/s/ Larry C. Oldham *with permission*
Larry C. Oldham
416 Pirkle Ferry Road, Suite K-500
Cumming, Georgia 30040
larryoldham@lcopc.com

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on November 23, 2022, this document JOINT PRELIMINARY REPORT AND DISCOVERY PLAN was served electronically and via U.S. mail to counsel for Defendants as set forth below:

Larry C. Oldham
416 Pirkle Ferry Road, Suite K-500
Cumming, Georgia 30040
larryoldham@lcopc.com
Attorneys for Defendants

/s/ IVY N. CADLE
IVY N. CADLE